# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.G. (a minor, by and through her parent and guardian ad litem, J.G.),<br><br>  Plaintiff,<br><br>   v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No.: 1:15-CV-01740 LJO JLT<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF REQUEST TO SEAL DOCUMENTS<br>(Doc. 13) |

Before the Court is Plaintiff's "Notice of Request to Seal Documents." (Doc. 13) The "motion" seeks to have the Court issue an order requiring identifying information about the child be filed under seal. Id. at 1-2. Plaintiff offers no explanation such an order is necessary or why Local Rule 140(a)(1)[1] does not address her concerns. Rather, she brings the motion under Local Rule 141, which requires the documents sought to be sealed to be provided at the time of the request to seal. This did not occur. Thus, the Court must deny the motion.

## I.     Legal Authority

Federal Rule of Civil Procedure 26(c) determines when documents may be sealed. The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential

---

[1] Local Rule 140 permits the use of the child's initials, rather than the full name, in certain circumstances.

1

1 research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Notably, this Court's Local Rule 141 sets forth the procedures for requesting the Court to seal documents. First, as was done here, the requesting party files a Notice of Request to Seal Documents. L.R. 141(a). Concurrently with this filing, the requesting party lodges a Request to Seal Documents, which addresses the specific pages of the documents sought to be sealed, the information contained therein and an explanation why the information should be shielded from public view. L.R. 141(b). Ideally, at this time, the moving party would lodge also a proposed redacted copy of the documents with the private information obliterated. The email containing this lodged information must be copied to opposing counsel. Then, if there is no objection to the request to seal (L.R. 141(c)), the Court must determine whether each of the pages of the document should be shielded from public view or to what extent they should be.

The request here provides no discussion why documents yet to be revealed to the Court should be sealed or whether the personal identifiers should be redacted. In making the request, Plaintiff fails to address Local Rule 140 and whether its provisions would suffice.

///

///

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 13) is **DENIED**.[2]

IT IS SO ORDERED.

Dated:   **April 19, 2016**                                     /s/ Jennifer L. Thurston
                                                                               UNITED STATES MAGISTRATE JUDGE

---

[2] This does not relieve the parties of the obligation to comply with Local Rule 140.