# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.G., <br><br>    Plaintiff, <br><br>    v. <br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, <br><br>    Defendant. | Case No.: 1:15-cv-01740 LJO JLT <br><br> ORDER GRANTING REQUEST TO SEAL THE ADMINISTRATIVE RECORD <br><br> (Docs. 15, 18) |

   This action is brought under the Individuals with Disabilities Education Act whereby the child claims the defendant denied him/her a fair and appropriate education. The child seeks review of an administrative decision unfavorable to his/her position.

   Plaintiff seeks to file the administrative record under seal. (Doc. 15) The child's concern is that he/she and the child's parents are entitled to privacy related to the issues raised in the case and specifically point to documents included in the record, such as mental and physical health evaluations, which, generally, are confidential under law. The child argues that redacting the child's name and other identifiers would not workable because the record is about 2,300 pages. (Doc. 18)

   The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other

confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Presumptively, documents filed in civil cases are to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

As noted above, Plaintiff seeks to seal documents that list the child's name and other identifiers. Brief review of the record indicates that it is peppered throughout with personal identifiers that would make redaction unwieldy. Likewise, the information contained in the record is highly sensitive and is deserving of confidentiality. Moreover, the defendant has indicated it has no objection to filing the record under seal.[1] Thus, the Court finds a compelling need for this information to remain private.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to seal (Doc. 15) is **GRANTED**;

///

///

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record. On the other hand, the Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order. In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.

2.     The Clerk of the Court is DIRECTED to file the administrative record under **SEAL**.

IT IS SO ORDERED.

Dated:     **April 25, 2016**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

3