# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.G., <br><br> Plaintiff, <br><br> v. <br><br> TEHACHAPI UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No.: 1:15-cv-01740 LJO JLT <br><br> ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S REQUEST FOR DISCOVERY <br><br> (Doc. 26) |

In this action, the child seeks review of an administrative decision unfavorable to his/her position related to his Individuals with Disabilities Education Act claims.[1] The parties agreed that no discovery would occur until the child filed a motion seeking to add evidence for the Court's consideration when evaluating the administrative decision. The plaintiff has filed a motion seeking discovery of email correspondence and billing records for the attorneys for the defendant.

---

[1] On March 15, 2016, the Court issued an amended case schedule. (Doc. 11) At that time, there was a dispute as to whether the plaintiff was entitled to additional discovery. Though the Court ordered "briefs" to be filed on the topic, it failed to be specific that the motion for discovery needed to be set for hearing and the Court cannot fault the parties for not doing so. However, because the motion was not set for hearing, it did not come to the Court's attention. Through happenstance, the motion has now been discovered. Due to the nature of the request, the Court does not believe that the delay in ruling on the motion has posed any prejudice. However, if it has, counsel may bring this to the Court's attention through a joint filing.

1

**I.      The Court must consider appropriate and relevant "additional evidence"**

Under the Individuals with Disabilities Education Act, any aggrieved party after the due process hearing conducted by the state education agency, may challenge the decision in court. 20 U.S.C. § 1415(i)(2). In evaluating the administrative decision, the judge must consider the administrative record and "additional evidence at the request of a party," and then grant the relief it determines is appropriate. 20 U.S.C. § 1415(1)(2)(C).

In Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471-1472 (9th Cir. 1993), the Court described the process as one that does not involve a highly deferential view and, instead, the trial court merely must give "'due weight to judgments of education policy." Id. Nevertheless, the trial court may not substitute its judgment for that of the school authorities. Id. Rather, review involves an "unusual mixture of discretion and deference." Id.

The obligation to consider "additional evidence" does not include allowing witnesses to "repeat or embellish their prior administrative hearing testimony." Ojai, 4 F.3d at 1472. Along these lines, generally, witnesses who testified at the administrative hearing may not offer additional evidence in the trial court. Id. Though "additional evidence" is left to the discretion of the court (Id.), "evidence that is non-cumulative, relevant, and otherwise admissible constitutes 'additional evidence' that the district court "shall" consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii)." In E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings, 652 F.3d 999, 1004-1005 (9th Cir. 2011). In doing so, the court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Ojai, at 1472. The court should "weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." Id, quoting Town of Burlington v. Department of Educ., 736 F.2d 773, 790-791 (1st Cir.1984).

Specifically, Burlington determined, "The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what

additional evidence should be received, however, is the record of the administrative proceeding." Burlington at 790.

Burlington also made clear that witnesses who testified at the administrative hearing, generally, should not be permitted to testify before the Court. Burlington at 790.  The Court continued that, "The court should look with a critical eye on a claim, such as made here, that the credibility of a witness is a central issue. The claim of credibility should not be an 'open sesame' for additional evidence. Such an approach followed by a pretrial order that identifies who may testify and limits the scope of the testimony will enable the court to avoid a trial *de novo*." Id. at 791.

## II.   The e-mail correspondence

The child seeks discovery of all email correspondence that refers to the child and/or the child's parents that was sent or received by any Tehachapi employee, board member or independent contractor of Tehachapi, between August 14, 2012 and August 14, 2015. (Doc. 25 at 4)  In the opening brief, the child fails to explain how the e-mail bears on the questions the Court must decide.  Id. However, in the reply brief, the child explains,

> The Administrative record includes testimony regarding the timing of what TUSD employees knew or did not know regarding N.G.'s behaviors at certain relevant periods, specifically student's behaviors when he enrolled in 2013 that would have prompted assessment consideration or delays in the 2014-2015 school year where Student claims that TUSD did not timely assess student and or otherwise delayed assessments.
>
> The email correspondence Plaintiff requests during this period could help fill in many of the uncertainties and typical human errors involved with past years memory recollection during testimony and possibly provide some light regarding who may have also had knowledge regarding what TUSD knew or did not know regarding N.G.'s behaviors and delayed assessments. Plaintiff is not specifically seeking evidence only to support its appeal, but rather to provide the Court with the complete TUSD records regarding Student during the relevant period and not just the limited and filtered evidence that the Defendant chose to produce to Plaintiff and OAH at hearing.

Notably, however, the child fails to provide any portion of the record that would allow the Court to evaluate how this discovery could bear on the issues it must decide. Burlington at 790.  For example, the Court is unaware if there were any witnesses with uncertainties as to particular dates or events or what testimony the child thinks may have been subject to "typical human error."  Moreover, while asserting that the discovery request is narrowly tailored, the child does not report when the evaluation occurred, whether there was more than one and what conduct was at issue that the child believes

3

should have alerted the defendant of the need for the evaluation. Rather, it appears that child merely *hopes to determine* whether there is evidence that could impeach these witnesses. However, as noted above, merely hoping there will be evidence that bears on a witnesses' credibility is insufficient to justify discovery.

On the other hand, because the child has not provided pertinent parts of the record, the Court cannot determine whether the discovery sought is narrowly tailored as the child contends. On its face, it appears that the requests may be overbroad because the discovery is not limited to discussion related to the conduct that he believes triggered the obligation to conduct the evaluation. Thus, because the Court finds the child has not demonstrated that the records may bear on the issues the Court must decide, the request for this discovery is **DENIED**.

**III.     Attorney time records**

The child seeks discovery of the time records of Tehachapi's attorneys. The child contends—rightly so, in the Court's view—that these records could counter arguments that the plaintiff's attorney's bills are unreasonable.

In the complaint, the child specifically alleges that, "In District's case, District's speech and language assessment did not comply with the IDEA. Plaintiff is entitled to an independent educational evaluation in speech and language at public expense pursuant to Parent's May 14, 2015 request." (Doc. 1 at 5) In addition, the child prays that the Court, "Declare Plaintiff to be the prevailing party in the Hearing Office Decision and award reimbursement for reasonable attorneys' fees and costs incurred in connection with the proceedings before the Hearing Office in an amount as determined in the discretion of this court as authorized by 20 U.S.C. § 1415(i)(3)(B)." Thus, regardless of whether the child prevails here on the two issues the child lost at the due process hearing, it appears the plaintiff may be entitled to the attorney's fees incurred related to the due process hearing. Consequently, the child is entitled to discover timekeeping information to prepare for possible attacks the defendant may lodge on the fee request.

As a result, the Court will permit limited discovery related to the time spent on tasks that are reasonably similar to those undertaken by private counsel.

///

**ORDER**

For the reasons set forth, the Court **ORDERS**:

1. The plaintiff's motion for discovery is **GRANTED in PART** and **DENIED** in **PART** as follows:

   a. The request for Tehachapi to produce e-mail correspondence is **DENIED**;

   b. The request for time-keeping records for Tehachapi's attorney related to the due process hearing is **GRANTED;**

   i. **Within five court days**, the plaintiff's attorney **SHALL** provide a copy of the time records related to the due process hearing;

   ii. As to any entry or set of entries that Tehachapi contends is unreasonable, **no later than 21 days** after receipt for the records from the plaintiff's attorney, Tehachapi's attorney **SHALL** produce time records for the equivalent and/or corresponding work, if there is any. Tehachapi may redact privileged information but, in this event, must provide a privilege log.

IT IS SO ORDERED.

Dated:   **November 22, 2016**            /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE